Lemberg & Allen v. R. H. Cabaniss et al.

No. 6497.

1. **Names.**—Similarity of names affords proof of identity in the absence of evidence raising a doubt as to such identity; e. g., where the terminating letters of a surname are *ss* instead of a single *s*.

2. **Antecedent Equity—Grant.**—When a colonist has received a patent to land in excess of the amount authorized by law, it can only be successfully attacked by one who has an antecedent title.

Appeal from Mason.   Tried below before Hon. A. W. Moursund. The opinion states the case.

*Marshall Fulton,* for appellants.—1.   The appellees should clearly prove that they are the persons to whom the certificate was issued and lands patented; must identify themselves as the persons to whom the land was granted.   Moores v. Bunker, 29 N. H., 420; Bennet v. Libhart, 27 Mich., 489.

2.   The court erred in rendering judgment for appellees in this, that the testimony shows that there were two certificates in the name of the heirs of Albert Cabanis, each for 640 acres, on the face of each of which it is shown that but one certificate of 640 acres could issue to the same person; and the plaintiffs, by their proof, do not show to which certificate, if either, their interest attaches.   The two certificates were issued to the heirs of Albert Cabanis (spelled so), while the plaintiffs' ancestor spelled his name Cabaniss, as well the plaintiffs, wherefore the finding of the court is not supported by the facts in evidence, and is erroneous.

Presumptions are against fraud or a crime.   1 Greenl. on Ev., secs. 34, 35, 80.

Recitals in deed or contract bind the parties and their privies.   Fish v.

Flores, 43 Texas, 340; Williams v. Chandler, 25 Texas, 4; Parker v. Campbell, 21 Texas, 763; Adams v. Lansing, 17 Cal., 629; Banner v. Ware, 10 Ohio St., 465; Brush v. Ware, 15 Pet., 93; 22 Am. Dec., 762.

Effect of failure to produce evidence. Gray v. Burk, 19 Texas, 228; Needham v. The State, 19 Texas, 332; Bailey v. Hicks, 16 Texas, 226; Shackelford v. Wheeler, 7 Texas, 553; Thompson v. Shannon, 9 Texas, 536.

That identity of the parties claiming not sufficiently proven. Moores v. Bunker, 29 N. H., 420; Bennett v. Libhart, 27 Mich., 489; McMinn v. Whelan, 27 Cal., 300; 1 Greenl. on Ev., sec. 38.

*H. M. Holmes* and *J. M. Moore,* for appellees. — 1. Appellants having failed to rebut the *prima facie* case made by appellees, and the trial court having affirmatively found every fact requisite to the judgment, this court can not reverse. Railway v. Fossett, 66 Texas, 339; 1 Sayles' Civ. Stats., p. 685, note 69; Laws of 1850, p. 54.

2. The defendants having failed to except to the court's conclusions of law and fact, this court is precluded from revising them. Gen. Laws, 1879, p. 119; Ins. Co. v. Milliken, 64 Texas, 48.

HOBBY, JUDGE.—Appellees, who were the plaintiffs in the court below, proved that the certificate was issued and the land patented to the heirs of Albert Cabanis, who, as one of the colonists of Fisher & Miller's Colony, was entitled thereto. They established the further fact that they were the heirs of said Cabanis. This constituted a *prima facie* case, which authorized a decree in their favor for the land sued for, in the absence of proof by the defendants that the plaintiffs or their ancestor had parted with the title, or that adverse rights had been acquired by limitation. Appellants claim that the finding of the court in favor of the appellees is not supported by the testimony, because the certificate issued to the heirs of Albert Cabanis, and they (the plaintiffs), as well as their ancestor, spelled the name Cabaniss, terminating the surname with two s's instead of one.

This assignment, we think, is untenable. Similarity in names is said to afford proof of identity, especially in the absence of evidence raising a doubt as to such identity of the person. 1 Greenl., sec. 575, and note; Chamblee v. Tarbox, 27 Texas, 145; McRee v. Brown, 45 Texas, 506; Shields v. Hunt, Id., 424. The theory of appellants seems to be that as the heirs of Albert Cabanis were entitled to only one certificate for 640 acres of land, by reason of the fact that their father was one of the colonists of Fisher & Miller's Colony, and the evidence showing that two certificates, each for 640 acres, had been issued to them as such heirs, plaintiffs (the heirs) did not show to which they were entitled.

The evidence showed that in 1850 a certificate, No. 497, for 640 acres was issued to the plaintiffs, as the heirs of Albert Cabanis, a German

colonist of the colony referred to.    This was located upon the land in controversy.    Subsequently, it appears from the evidence, another cer-- tificate for 640 acres was issued in 1854 to said heirs, which was located in Mason County.    This latter tract is not involved in this suit, and the plaintiffs' title to it is not established by the judgment herein.

If more than the quantity of land was granted to appellees than they were entitled to under the law, that fact would not affect their right to such portion of the land as they showed themselves justly entitled to in this suit.    And this is not a question the appellants could inquire into, in the absence at least of some evidence of right or title to the land in controversy in them.

We see no error in the judgment, and think it should be affirmed.

*Affirmed.*

Adopted November 19, 1889.