### Amanda M. Yarbrough v. Jas. H. Johnson.

#### No. 1009.

**Proof of Heirship—Identity of Names.**

In an action of title the plaintiffs, claiming as the heirs of M., gave in evidence a patent of the land, issued to M. in 1845, with proofs that M. immigrated to Texas during the war between Texas and Mexico, that he was married to one of the plaintiffs in 1854, and died in 1874, and that the other plaintiff was the only surviving child of the marriage. Held, that the proof of heirship was sufficient, without other evidence identifying the M. to whom the patent issued with the M. under whom plaintiffs claimed.

Appeal from Bowie.    Tried below before Hon. John L. Sheppard.

*James B. & Fred L. Goff* and *Henry & Henry*, for appellants.—When the issue is the identity of a person claimed to be the patentee of a tract of land with the person named in the patent, similarity of name is prima facie evidence of such identity; and when coupled with unrebutted evidence that the person alleged to be such patentee belonged to a class who, under the laws of Texas, were entitled to grants of land similar to that in question, and the evidence that he emigrated to Texas during the war between Texas and Mexico, for the purpose of serving in the Texas army, and received a grant of land, becomes conclusive evidence of such identity.    Chamblee v. Tarbox, 27 Texas, 144; Robinson v. Dubose, 76 Texas, 6; McNeil v. O'Connor, 79 Texas, 228; Smith v. Gillum, 80 Texas, 125.

*Chas. S. Todd,* for appellee.—1. The court correctly held that the evidence was insufficient to establish heirship of the plaintiffs of the particular William Martin to whom the land was patented.    McNeil v. O'Connor, 79 Texas, 229.

Finley, Associate Justice.—Appellants, plaintiffs in the court below, claiming as heirs of one William Martin, patentee of the land in controversy, namely, the William Martin survey in Bowie County, Texas, instituted this suit in the District Court of said county against appellee (defendant below), alleging ownership and possession of the land, and that defendant was setting up some fictitious and illegal claim thereto, which was a cloud upon their title; also claiming damages for cutting timber on the land, and prayed judgment removing the cloud, and for said damages.

Defendant answered, pleading not guilty, and the statute of limitation of five and ten years.    The suit was tried by the court without a jury, and resulted in favor of the defendant, from which judgment plaintiff appeals.

The trial judge prepared and filed conclusions of fact and law as follows:

"*Conclusions of Fact.* –1. I find from the evidence that the defendant has not proved continuous, uninterrupted and exclusive adverse possession for five consecutive years before the institution of this suit, nor does the evidence show such possession for ten years before the institution of this suit.     2. I find that plaintiffs have failed to prove their heirship of the particular William Martin to whom the land in controversy was patented and under whom plaintiffs claim."

"*Conclusions of Law.*—1. I conclude that the pleas of limitation of five and ten years were not sustained.     2. I conclude that by reason of plaintiffs' failure to prove heirship of the original grantee of the land in controversy, the plaintiffs cannot recover, and judgment is rendered for defendant upon this ground alone."

Appellants contest the conclusion of fact reached by the trial court, that they had failed to establish their heirship to William Martin, the patentee; and they ask this court to find that such proof was made, and to reverse, and render judgment in their favor.

The statement of facts contained in the record shows that plaintiffs read in evidence a patent issued by the Republic of Texas, dated September 19, 1845, signed by Anson Jones, President, and Thomas W. Ward, Commissioner of the General Land Office of said Republic, conveying and granting to William Martin, his heirs or assigns forever, the land involved in this controversy.

Plaintiffs also proved that William Martin immigrated to Texas during the war between Texas and Mexico, for the purpose of serving in said war; that he was married to plaintiff Yarbrough about January 15, 1854, and died in 1874; that they had by their marriage three children, one a son named David A. Martin, who is living and is one of the plaintiffs; and that the two other children died without issue, one unmarried and the other without surviving wife.

The patent is not embraced in the record, and the facts above recited are all the facts which are made to appear from the record touching the title of William Martin.     There was no evidence introduced casting any suspicion upon the claim of heirship as made by the plaintiffs.     Upon this state of evidence, the lower court held that there was a failure to identify the William Martin of whom the plaintiffs were heirs with the William Martin who received the patent to the land.

In Robertson v. DuBose, 76 Texas, 7, Justice Henry says: "In Campbell v. Tarbox, 27 Texas, 144, this court said that similarity of names alone 'is ordinarily sufficient evidence of identity of a purchaser in a chain of conveyance.'     In the absence of evidence casting doubt upon the identity of a party to a conveyance of land, we think it ought to be held sufficient in every case, and the jury, if instructed upon the subject at all, ought to be told so."     McNeil v. O'Connor, 79 Texas, 228; Smith v. Gillum, 80 Texas, 125.

We are of opinion that the evidence required the conclusion that the heirship had been established as alleged, and that the court erred in

finding to the contrary.   Hence, we state our conclusion upon the evidence, that plaintiffs are the heirs of William Martin, to whom the patent was issued.

It is contended by appellee that he showed title by limitation, and though we should hold that the court erred in its conclusion upon the issue of heirship, we ought to affirm the judgment as a correct determination of the case.   This proposition is not sustained by the record.   The evidence fully justified the court in reaching the conclusion that there had not been such continuous adverse possession as would support the claim of limitations, either under the five or ten years statute.

The judgment is reversed and here rendered for appellants.

*Reversed and rendered.*

Delivered December 21, 1895.

Writ of error refused.