**MILLS v. SNYDER et al.** (No. 8023.)

Court of Civil Appeals of Texas. San Antonio. June 27, 1928.

Rehearing Denied July 27, 1928.

**1. Trespass to try title ☜6(1)—Plaintiff, suing in trespass to try title, must recover, if at all, on strength of his own title.**

Plaintiff, in suit in trespass to try title, must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's title, and must connect himself with title from the sovereign on down.

**2. Vendor and purchaser ☜230(1)—Prior recitals in conveyance are binding on those holding under common source or in privity in estate.**

Prior recitals in a conveyance are binding on those who hold under a common source and upon those in privity in estate.

**3. Evidence ☜601(5)—Evidence held to establish prima facie case of identity between corporation purchasing land on tax sale and corporation subsequently conveying title thereto.**

Evidence in suit in trespass to try title *held* sufficient to establish a prima facie case of identity between corporation purchasing property on tax sale, and corporation subsequently conveying title thereto.

**4. Taxation ☜813—Before defendants in trespass to try title suit can have affirmative relief, tax proceedings under which plaintiff claimed must be set aside.**

Before defendants in suit in trespass to try title, wherein plaintiff claimed title pursuant to tax sale, would be entitled to affirmative judgment, the proceedings must be set aside with proper pleading as basis of recovery to be exhibited and presented and supported by evidence.

**5. Taxation ☜530—Payment of taxes held not to justify court to ignore judgment rendered in tax suit.**

Payment of taxes on property sold pursuant to tax sale, if a fact, *held* not to justify court to ignore judgment rendered in tax suit.

**6. Taxation ☜648—Judgment in delinquent tax suit held not subject to collateral attack.**

A judgment in delinquent tax suit *held* not subject to collateral attack, in that every presumption must be indulged to support judgment of court of competent jurisdiction.

**7. Judgment ☜470—Judgment must be attacked by direct proceedings, unless clearly void on its face.**

When a judgment is attacked, unless clearly void on its face, it must be done in a direct proceeding for that purpose.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by V. W. Mills against Newton L. Snyder and others, wherein defendant named filed a cross-action. Judgment for defendants, and plaintiff appeals. Judgment set aside, and cause remanded.

Frank H. Booth, of San Antonio, and J. Q. Henry, of Mission, for appellant.

E. A. McDaniel, of McAllen, and W. H. Gossage, of Edinburg, for appellees.

COBBS, J. As no objection is made to appellant's statement of the case, we here copy it:

"This suit was filed by appellant, V. W. Mills, against Newton L. Snyder et al., appellees, in the usual form of trespass to try title to recover lot No. 5, in block No. 9, of the subdivi-

sion of portions Nos. 71 and 72, comprising 46.85 acres of land.

"The appellees answered by general denial and plea of not guilty, and specially pleaded that the appellant had no claim of title to the land except such as was based upon the proceedings, judgment, order of sale, and sheriff's deed in a certain delinquent tax suit filed in the district court of Hidalgo county, Tex., Seventy-Ninth judicial district, in cause No. B–806, styled 'The State of Texas v. Frank B. Lawrence et al.,' said suit being filed on July 5, 1919, and it was alleged that the proceedings, judgment, order of sale, and sheriff's deed thereunder were void for the following reasons:

"(1) That the court had no jurisdiction of said cause for the reason that the taxes claimed by the state in said suit for the year 1917 had been paid; that there were two assessments of the land for that year, and payment was made under one of said assessments.

"(2) That the description of the land in the foreclosure proceedings was void.

"(3) That the defendants in the suit were undertaken to be served with citation by publication, and were so served, but that the service was void because there was no sufficient affidavit authorizing the issuance of the citation by publication.

"The appellee Newton L. Snyder filed a cross-action against the appellant, in which he sought to recover the land, alleging the judgment in cause No. B–806 to be void for the same reasons set up in the answer.

"Appellant filed special exceptions to the answer and also to the cross-action, upon the ground, among others, that they constituted a collateral attack upon the judgment of the district court of the Seventy-Ninth judicial district.

"Appellant's special exceptions to the cross-action were sustained by the court, but were overruled in so far as they related to the defenses pleaded in the answer. •

"The trial was had before the court, without jury, commencing January 11, 1928, and concluding January 14, 1928, whereupon the court entered a judgment denying a recovery to the appellant and awarding a recovery of the land to the defendant Newton L. Snyder."

At the request of the plaintiff, the court prepared and filed lengthy findings of fact and conclusions of law.

[1] Of course, appellant, to recover, if at all, must do so on the strength of his own title and not upon the weakness of his adversary's title, and must connect himself with the title from the sovereign on down.

[2] Prior recitals in a conveyance are binding on those who held under a common source and upon those in privity in estate. The common source of title was Louis E. Schaper and Clara C. Schaper, who conveyed the title to Newton L. Snyder. In the district court of Hidalgo county, in cause No. B–806, styled State of Texas v. Frank B. Lawrence et al., plaintiff recovered judgment against Frank B. Lawrence and Newton L. Snyder for $15.16, being amount of taxes, interest, and penalties assessed and accrued on the land for 1917, upon which an

order of sale was duly issued, and on the 1st day of June, 1920, the land was sold by the sheriff, by virtue thereof, and purchased by the Equitable Trust Company, a Texas corporation of the city of Dallas, for the sum of $135. On the 7th day of July, 1922, in cause No. 60764, entitled Marshall. Eskridge ,v. Equitable Company, Inc., in the district court of Tarrant county, the court appointed A. H. Kirby receiver of that defendant, and commanded him to sell all the property and assets of the said Equitable Company, Inc., and did sell, in pursuance to said order, and convey to plaintiff all the property involved in the suit. The Equitable Company, Inc., was a corporation incorporated under the laws of this state, likewise having its domicile in Dallas, Tex. The presumption may be indulged in that the two corporations are one and the same, having their domicile in the same city, and it was so found by the trial court. It ought to be easily proven.

There can be no question about the identity of the two corporations, and that by reason of the facts stated it makes no difference under which name they run it, and under which name they acquired title to the land.

[3] It is shown that there was but one Equitable Trust Company, and it was a trust estate and was not a distinct entity from the Equitable Trust Company, a Texas corporation, the grantee in the sheriff's deed. It is apparent in denominating the grantee in the deed as a Texas corporation it was a mere immaterial clerical error, and that denomination of the grantee may be therefore treated as surplusage. The Equitable Company, Inc., asserted claim of ownership of the land and through its receiver conveyed the same to the plaintiff, and there is nothing in the record to show that these two corporations, domiciled in the same city, are separate corporations. On this subject the proof established a prima facie case of identity. Auerbach v. Wylie, 84 Tex.·615, 19 S. W. 856, 20 S. W. 776; Chamblee v. Tarbox, 27 Tex. 140, 84 Am. Dec. 614; Lemberg v. Cabaniss, 75 Tex. 229, 12 S. W. 844; Davidson v. Wallingford (Tex. Civ. App.) 30 S. W. 828; Grant v. Searcy (Tex. Civ. App.) 35 S. W. 863; Robertson v. Du Bose, 76 Tex. 1, 13 S. W. 300; Yarbrough v. Johnson, 12 Tex. Civ. App. 95, 34' S. W. 310.

The Equitable Trust Company, a Texas corporation, had its domicile at the same place as the Equitable Company, Inc. The Equitable Trust Company, the trust estate, conveyed the land to Kirby, as trustee, for the Equitable Company, Inc. This shows the practical identity in interest of these two companies. Kirby, receiver, later acquired the legal title to the land and conveyed it to appellant. This conveyance itself was an assertion of title by Kirby, receiver, under the conveyance made by the trust estate. Therefore both companies appear by the record to

have claimed the land under the sheriff's deed; this assertion or claim by the trust estate being a little more than two years subsequent to the date of the sheriff's deed.

This record fails to show any equities in behalf of appellees. The purchaser at the sale paid value for the land, based upon the regularity of judicial proceedings.

It fails to show that appellees offered to do equity as a condition precedent. Appellant pleaded the facts in reference to the sale of the land and alternatively for judgment for the amount paid at the sale, of $135.

[4] Before appellees would be entitled to an affirmative judgment, the proceedings were required to be set aside, with proper pleading as the basis of the recovery to be exhibited and presented and supported by evidence. The trial court sustained special exceptions to the cross-answer. On this point the appellant has submitted abundant authorities to support the contention that the court committed error.

The evidence does not support the contention and finding of facts that there was a double assessment. It was shown there were separate assessments for 1917, for portions of the land located in surveys 71 and 72. There were two assessments, but of different lands. One tract out of portion 71 and one out of portion 72. Receipt No. 387 shows that the taxes on 19.74 acres, abstract 26, survey 72, J. M. Balli, were paid September 13, 1918. The witness Snyder testified that he sent a check to the tax collector for the collector to fill out, and that it was filled out and he got the receipt No. 387 from the collector. Asked whether he had paid the taxes on any of the land except the 19.74 acres, he said he thought he had paid all the taxes.

The witness Hortense Vinyard testified that the taxes for 1917 on 19.74 acres of survey 72 were paid, but that the taxes on the 23 acres in survey 71 were not paid.

[5] The payment of taxes, if a fact, did not justify the court to ignore the judgment rendered in the tax suit.

[6] It was error of the court, in cause No. B–806, styled the State of Texas v. Frank R. Lawrence, wherein it was recited the defendant was cited by publication, in holding that the court did not pass upon the sufficiency of the service, and that said judgment was subject to collateral attack in this case. The citation by publication shows that the sheriff, being commanded to summon Frank B. Lawrence and Newton L. Snyder, obeyed the command and served both as directed. At any rate such judgment cannot be and is not subject to any collateral attack. Every presumption must be indulged in to support the judgment of a court of competent jurisdiction. Crawford v. McDonald, 88 Tex. 627, 33 S. W. 325; Templeton v. Ferguson, 89 Tex.

47, 33 S. W. 329; Murchison v. White, 54 Tex. 78; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550; Young v. Jackson, 50 Tex. Civ. App. 351, 110 S. W. 74; Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490.

[7] Of course, when a judgment is attacked, unless clearly void on its face, it must be done in a direct proceeding for that purpose.

The judgment in the tax suit, here introduced in evidence, recited that the defendant had been duly and legally served with citation and failed to appear. It also recited that the court appointed an attorney at law to represent defendants, naming both of them.

For the reasons stated, we are of opinion that the court committed error, and the judgment is set aside, and the cause remanded for another trial.