James S. Thornton et al. v. Edwin W. Zea et al.

Decided January 31, 1900.

**1. Will—When Estate Devised in Trust for Grandchildren Will Not Vest.**

Where a testator devised the residue of his estate to his five children, to be held by them as trustees for their children, born and to be born, until such grandchildren should respectively come of legal age, with a provision that should any one of said five children die without issue living the share held in trust for his or her children should go to the survivors, and at the testator's death three of his five children were yet unmarried daughters, the estate so devised did not, immediately upon his death, vest one-fifth each in the children of his five children.

**2. Same—Construction.**

For construction of a will devising property as above, indicating when and how distribution should be made, see the opinion.

**3. Same—After-born Child Excluded, When.**

Where there is a bequest of an aggregate fund to children as a class, and the share of each child is made payable on attaining a given age or marriage, the period of distribution is the time when the first child becomes entitled to receive his share, and children born after that period are excluded.

**4. Same—Attorney Fees in Suit to Construe Will.**

Where it is shown that a legatee was not acting in good faith in suing to have a will construed, but was in fact seeking to have it declared void, he is not entitled to have his attorneys paid out of the estate of the testator.

**5. Same—Evidence—Attorney and Client.**

Upon an issue as to the good faith of the legatee in bringing the suit ostensibly to construe the will, the written contract made by him with his attorneys as to their fees may be put in evidence.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*W. W. King, H. P. Drought, Hicks & Hicks, William Aubrey,* and *Lane & Hicks,* for appellants.

*Johnson & Lucas* and *Upson & Newton,* for appellees.

Neill, Associate Justice.—This suit was brought by the appellant, James S. Thornton, to obtain a construction of the will of his father, James T. Thornton. This is the second appeal in the case. The first was from a judgment in favor of appellees sustaining exceptions to the petition. On that appeal we held that the will was subject to and required construction. Our opinion in that case will be found in 39 Southwestern Reporter, 595, and reference is made to it for the full text of the will.

The will, after devising $75,000 to each of the testator's five children, and making several minor bequests, contained the following clauses:

"12. I give and bequeath the sum of $10,000 each to the Southwest Missouri Conference of the Methodist Episcopal Church South, and the Texas Conference of the Methodist Episcopal Church South, to form a trust fund for each of them, the principal of which shall remain intact,

but the interest thereof shall be used to support indigent and super-annuated ministers of said conference.

"13. I give, devise and bequeath all the remainder of my estate to my son James S. Thornton, and my daughters, Bettie T. Stevens, Charlotte Thornton, and Mary Thornton, and my brother, Woodward R. Thornton, as trustees, which, together with its accumulation, is to be held by them in trust for the children, born and to be born, of my son, James S., and my daughters, Bettie T., Charlotte, Mary, and Eleanor, until said children respectively become of legal age; provided, that if any of my children should die without issue living, then the share held in trust for his or her children shall be divided among the children of the survivors in the same proportion as if the same had descended by law to my above named children..

"15. I appoint the trustees hereinbefore named as executors of this my last will, with full power to sell, convey, and dispose of any of my property whenever they shall deem it necessary to carry out the provisions of this will, the decision of a majority of them being conclusive.

"If any of them should die or become incapacitated, the survivor or survivors shall have the same powers conferred upon all. I request that neither they, nor any of them, shall be required to take out letters testamentary, or give any bond as executors, and as I do not desire any administration upon my estate through any court, I hereby confer upon said executors and trustees, or the survivor or survivors of them, full power to demand, sue for, and collect any money that may be due or become due to me on any account whatever, and to do any act necessary to settle the affairs of my estate in conformity with the provisions of this will."

These are the provisions which are required by the suit to be considered. The twelfth clause is not construed by the court below. The fourteenth was construed by the District Court as follows.

"I find that under clause 13 of the will the remainder and residue of the estate of the said James T. Thornton, deceased, after settling all other legacies therein provided for, vested immediately upon the death of James T. Thornton, deceased, one-fifth each in the children of James S. Thornton, Bettie T. Stevens, Charlotte Thornton, Mary Thornton, and Eleanor Thornton; that it is the duty of the trustees of said will, or the survivors of them, to so hold one-fifth of the estate for the children of each of said children of James T. Thornton, deceased, and that as soon as one of the children of Jas. S. Thornton, Bettie T. Stevens, Mary Thornton (now Mary Merriam), Charlotte Thornton (now Charlotte Zea), and Eleanor Thornton (now Eleanor Evans), arrive at the age of 21 years, that then said estate shall first be divided into five portions, and then one-fifth of said estate so set aside to such set of children of which one has become of age, shall be immediately partitioned and divided between such set of children, the portion coming to them to the one arriving at age shall be delivered and paid over to such child so arriving at age, and if the parent through whom such child takes is still

alive, then such child shall give bond in such sum as the trustees or the survivors of them may deem fair and reasonable, considering the age of their father or mother under whom it takes, the number of children then living or having been born, and the probability of other children thereafter to be born, who·shall become beneficiaries in such legacy, conditioned that such partition and division among such set of children shall open to let in such after-born child, and that the proportion coming to such after-born child or children will be returned or repaid to the trustees or the survivors of them, to be held for such child or children, and in the same manner to continue the division and partition as each of the children may become of age; provided, however, that only the partition of such one-fifth shall be open to let in such after-born child, but under no condition is the original partition of the estate into five-fifths to be opened; and provided further, that if there is a child or children born after such partition has been made, that then that partition among that set of children shall be reopened and such after-born child or children shall be admitted to take their interest in such estate, and a repartition shall be made based upon the value of the estate at the time of the first partition occurred among such set of children, and the persons having received their portions in the former partition shall return to the trustees or the survivors of them a portion sufficient to make the remaining children equal with themselves. And if any one of the said five children of James T. Thornton, deceased, should die without issue, then the one-fifth so set aside to the children of such child shall descend and vest in the surviving children born as well as the children to be born of the other children of James T. Thornton, deceased, in the same proportion as would have vested in them by law if no will had been made, to be partitioned, divided, and distributed among them in the same manner and at the same times as hereinbefore provided for the division and partition of the interests vested in them under this will."

To this construction it is urged on this appeal that the court erred in holding that under this clause the residue of James T. Thornton's estate vested immediately upon the death of the testator one-fifth each in the children of Jas. S. Thornton, Bettie T. Stevens, Charlotte Thornton, Mary Thornton, and Eleanor Thornton, because, at the time of the testator's death, neither Mrs. Zea, Mrs. Evans, nor Mrs. Merriam had children, and that an estate can not vest in persons not in being. The word "vest" is defined to mean "To give an immediate fixed right of present or future enjoyment." Bouv. Law Dict.; Stewart·v. Harriman, 56 N. H., 29; 22 Am. Rep., 408. "By a vested estate in relation to interest of a freehold quality, is to be understood an interest clothed, as to legal estates, with a legal seisin, or, as to equitable estates, with an equitable seisin, which enables the person to whom the interest is limited to exercise the right of present or future enjoyment immediately, in point of estate. A vested estate is an interest clothed with a present, legal, and existing right of alienation." 1 Prest. on Est., 65; Hayes v. Goode, 7 Leigh, 496. Estates are vested when there is a person in being

who would have immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which they are limited to take effect, remains uncertain. Tayloe v. Gould, 10 Barb., 396. Three of the testator's children having no children at the time of his death, and it not being certain that children would be born to them, and it being provided by the clause under consideration that should any of the testator's children die without issue living, the share held in trust for his or her children should be divided among the children of the survivors in the same proportion as if the same had descended by law to the testator's children named, we think the trial court erred in holding that the residuary estate, upon the death of James T. Thornton, vested immediately one-fifth each in the children of the testator's children.

It is also urged by apellant that the trial court erred in holding that the portion of the estate going to the child first arriving at legal age shall be paid over to it at that time, and that such child shall give a bond to refund to the trustee the portion of the share it has received in excess of the share it would be entitled to receive in the event that no other children were born after it had received its distributive share of one-fifth of the entire estate, provided other children were born. The rule seems to be well settled that when, as in this case, there is a bequest of an aggregate fund to children as a class, and the share of each child is made payable on attaining a given age or marriage, the perior of distribution is the time when the first child becomes entitled to receive his share, and children coming into existence after that period are excluded. 29 Am. and Eng. Enc. of Law, 414, and note 2; 2 Jarm. Wills, 5 ed., 160; Hubbard v. Lloyd, 6 Cush., 522; Collin v. Collin, 1 Barb. Ch., 630. While courts of equity have jurisdiction to construe wills, they have none to reform or correct them. Goode v. Goode, 66 Am. Dec., 633, and note. They can add nothing to nor subtract anything from a will, but must leave it as the testator made it, giving it only such construction as he intended. Upon any grandchild of the testator becoming of "legal age," for whom the property was devised, the right of a trustee to further hold the interest of such grandchild in trust will cease, and such grandchild be absolutely entitled to his or her distributive share, unrestrained by any condition imposed by the trustees. The trustees can only have and exercise such power as is given them by the will, and if, in undertaking to execute it, they should annex conditions not authorized by the power in the will, such conditions would be absolutely void. 2 Washb. Real Prop., 5 ed., 724; Alexander v. Alexander, 2 Ves. Sr., 640. Nor do we think that courts can legally or equitably confer such excess of power on trustees.

Our construction of the thirteenth clause of the will is: (1) That after settling all other legacies therein provided for, the residue of the estate of the testator, together with its accumulations, vested in his executors as trustees for the children born and to be born of the tes-

tator's five children named therein. (2) That by it the testator in-
tended five classes of distributees,—one class of distributees for each
of his children named, e. g., the children of his son, James S. Thorn-
ton, to constitute one class; of his daughter, Bettie T. Stevens, another
class, and so on until the five classes of distributees intended are com-
plete. (3) That when the child of one class becomes of legal age, that
is, 21 years old, one-fifth of the residuary estate then held by the trus-
tees shall be severed from the estate and set aside to the children belong-
ing to that class, and shall immediately be partitioned among them
share and share alike, and they shall take the one-fifth of the estate so
allotted to them to the exclusion of any child or children who may
afterwards be born of a child of James T. Thornton who is that parent
from whom their class emanates, and the child of age at the time the
allotment is made shall be then immediately entitled to receive his or
her share from the trustee, and the remaining children of the class
shall each be entitled to receive his or her share from the trustees
respectively upon becoming of legal age. (4) Then the remaining four-
fifths of the estate devised shall continue to be held by the trustees in
trust for the children of the other four classes, and when a child of
one of these classes first becomes of legal age, one-fourth of the four-
fifths of the estate remaining unpartitioned in the hands of the trus-
tees shall at once be severed from such estate, and set aside to the class
to which the child so becoming of age belongs, and partitioned among
them share and share alike, to the exclusion of·any child that may be
afterwards born to the child of James T. Thornton who is the parent
of the children belonging to the class to whom such partition is made,
and the child of age at the time such allotment is made shall be then
immediately entitled to receive his or her share from the trustees, and
the remaining children of the class shall be each entitled to receive his
or her share from the trustees respectively upon becoming of age.
(5) Then the remaining three-fifths of the estate shall be held by the
trustees for the other three classes of the distributees, and set aside and
partitioned to the children of the three respective classes, and divided
among them in the same manner as is above provided for the two first
classes of the distributees. (6) Should any one of the five children
named in the will of James T. Thornton die without issue before a
child of either of his four children should become of legal age, in that
event there would only be four classes of the distributees, and the one-
fifth of such estate which would have gone to the children of such
deceased, had he not died without issue, should be divided equally
among the four classes of distributees; that is to say that the children
of James S. Thornton would get one-fourth of that one-fifth, the chil-
dren of Bettie T. Stevens one-fourth of that one-fifth, and so on, to be
distributed in the same manner as the other four-fifths. But should
such death occur after a child of one of the testator's surviving chil-
dren shall have become of legal age, and one-fifth of the estate par-

titioned to the class of which the one attaining majority is a member, and there should after such partition have been born another child or children of the parent of the child of the testator to which the class of the one who has become of legal age belongs, such after-born child or children will be entitled to share equally with the other children of that class the portion that would have gone to the children of deceased had he or she not died without issue living.

We hardly think that there is room for construction of the twelfth clause of the will. It is plain and unambiguous, and the legatees mentioned therein are entitled to receive from the trustees the legacies bequeathed, and when received, to form a trust fund for each, the principal of which is required to remain intact, and the interest thereon to be used to support indigent and superannuated ministers of the conference of the respective legatees.

The trial court in our opinion properly held that under clauses 13 and 15 of the will, the trustees, or the survivors of them, as a majority may determine, have full power to sell, dispose of, and manage all the property of the estate in such manner as they may deem best to perpetuate the purposes and intent of the testator in managing and controlling it, making accumulations and holding it in trust; and to put it in such condition as to bring the greatest revenue, and put it in the best condition as to best enable them to divide and partition said estate among the beneficiaries therein, and that the said trustees, or the survivors of them, are to be the judges of the said estate or any part thereof, and as to the best means of investing the proceeds and managing and controlling the same.

The contention of appellees, Mrs. Stevens and Mrs. Zea, is that this suit was not brought by James S. Thornton with a bona fide intention of obtaining the construction of the will, but it was in fact brought for the purpose of contesting it and having the thirteenth clause held invalid. Upon this issue we think that the written contract, or the contents thereof, made by Thornton with his attorneys, was admissible in evidence; and as the contract was fully proven by witness, other than said attorneys, the rule that prohibits an attorney to disclose communications made to him by his client can have no application. The contract, together with the evidence, fully warrants the conclusion of the trial court that the appellant, James S. Thornton, did not in good faith bring this suit to obtain a construction of the will, but instituted and prosecuted it for the purpose of obtaining such construction of clause 13 as would render it inoperative and void. We therefore agree with the trial court in holding that the attorneys of Mr. Thornton are not entitled to have the estate of the testator in the hands of his executors charged with a fee for their services in this cause.

The findings of the trial court that after this suit was instituted, Bettie T. Stevens, Charlotte Zea, Mary Merriam, and Eleanor T. Evans employed counsel to represent the estate of James T. Thornton, and resist the contest of the will, agreeing to pay their attorneys a fixed

compensation for their services, and that the attorneys immediately entered upon the performance of their duties, and have continuously since then resisted the contest of the will, and maintained its validity; that after the employment of said counsel, Mary T. Merriam, joined by her husband, and Eleanor T. Evans, joined by her husband, withdrew from their cotrustees, Bettie T. Stevens and Charlotte T. Zea, in their efforts to maintain the will, and employed separate counsel, and that their purpose in so doing was to procure a decree invalidating said will, especially clause 13 thereof, is sustained by the evidence. We concur with the trial court in holding that Mrs. Merriam and Evans were not entitled to have their attorneys, who were employed to procure decrees invalidating the will, paid out of the estate of the testator.

The judgment of the District Court, as modified by this opinion, is affirmed.

*Modified and affirmed.*

Writ of error refused.