ANNA ROSKROW, Appellant, v. WILLIAM A. JEWELL and RAYMOND C. JEWELL.

**Wills:** CONSTRUCTION: ESTATES GRANTED. A devise by one clause of a will to the devisee exclusively of certain described land, and by a subsequent clause a devise also of additional described land, the same having been conveyed to the testator by deed duly recorded, to have and to hold the same and the income for life with a gift over, is held to be a gift of the land first described in fee while the second provision creates a life estate with a gift over to another.

**Same:** MEANING OF WORDS. Words occurring more than once in a will are assumed to be used in the same sense when the context does not show a contrary intention or when the words are not applied to a different subject.

**Same.** Each clause and every word in a will should be given some meaning if possible.

*Appeal from Franklin District Court.*—HON. CHARLES E. ALBROOK, Judge.

FRIDAY, MARCH 15, 1912.

ACTION for the construction of a will.   Judgment for defendants.   Plaintiff appeals.—*Reversed.*

*David Evans,* for appellant.

*B. H. Mallory,* for appellees.

SHERWIN, J.—The question is whether the will of William Jewell gave to the plaintiff an estate in fee in the E. ½ of the S. W. fractional ¼ and the S. W. fractional ¼ of the S. W. ¼ of section 18, township 93, range 20 W., and in the N. W. fractional ¼ of the S. W. ¼ of the same section, or an estate therein for life only.

The will, so far as material here, is as follows, and the land described within the first pair of brackets is the land over which the controversy arises.

Second.   After the payment of such funeral expenses and debts, I give, devise and bequeath exclusively to Miss Anna Roskrow, my wife's niece, who has long lived with me, the following described real estate, to wit: [The east half of the southwest fractional quarter and the southwest fractional quarter of the southwest quarter of section eighteen (18) in township ninety-three (93) north, range twenty (20) west in the district of lands, subject to sale at Fort Dodge, Iowa, containing (125.75) acres more or less. Also the northwest fractional quarter of the southwest quarter of section eighteen (18) in township ninety-three (93) north, range twenty (20) west of the fifth P. M., containing (45.66) acres, more or less, said two tracts of land being conveyed to me 'by deed recorded in the recorder's office of Franklin county, Iowa, in book Y of deeds, page 521.]   [Also the west fractional half of the southwest quarter of section seven (7) township ninety-three (93); (91.67) acres, more or less, the same having been conveyed to me by deed recorded in the recorder's office of Franklin county, Iowa, in book 38, page 603 to have and to hold the same and the income thereupon during her natural life, after her death should she leave children, then to such children or their heirs, should she die without issue,

then at her death said land shall descend to the children of my nephew, Alfred Jewell.]

If the bequest to the plaintiff had ended with the testator's declaration in the will that these two tracts of land had been conveyed to him by a deed duly recorded in the recorder's office of Franklin county, Iowa, in book Y of deeds, page 521, there could be no possible question as to the plaintiff's estate thereunder, for every essential for devising an estate in fee is present in the language used, and even more than was necessary. It is the contention of the appellee, however, that the word "also" beginning the next sentence, or clause of the will, so connects the two bequests that the former is limited to a life estate as well as the latter. Under some circumstances, this might be true, but if the instrument, considered as a whole, negatives such an intent, it will not be so considered. The first clause of the will describes two parcels or tracts of land in the same quarter section, and says that said two tracts of land were conveyed to the testator in one deed, and these two tracts were bequeathed exclusively to the plaintiff. The second clause of the will deals with an entirely separate and distinct tract of land, located some distance from the other two tracts, and the will says that the same (the tract in section 7) was conveyed to the testator by a deed duly recorded in book 38, p. 603. The words "the same" were here used for the express purpose of identifying the particular land that had been described immediately preceding them. The will then says: "To have and to hold the same . . . during her natural life." The words "the same" as used the second time in this clause evidently refer to and mean the same land that is identified by the words "the same" as first used. This thought is fortified by the further fact that the testator used the words "said land" in disposing of the remainder. It appears to us that these words were all used for a purpose and advisedly, and that the pur-

1. **Wills:** construction: estates granted.

pose was to clearly distinguish between the lands that had been conveyed to the testator by separate deeds and that constituted separate and distinct tracts.

Words occurring more than once in a will are assumed to be used always in the same sense, when the context does not show a contrary intention, or when the words are not applied to a different subject. 30 A. & E.
2. SAME: meaning of words. Enc. of Law, 671. The use of the word "exclusively" in the first clause, and its omission in the second, are both significant. In the first, its use indicates an absolute gift to the plaintiff, and the omission of the word in the second clause is in accord with the clearly expressed life estate given therein to the plaintiff.

Applying the well-settled rule that each clause and every word in a will shall be given meaning, if possible, we have no hesitancy in saying that it was the clear intent of the testator
3. SAME. to give to the plaintiff an absolute estate in the land described in the first clause, as having been conveyed to him in one deed, and of giving to her a life estate only in the last tract described in said will. The rules governing the construction of wills are so well settled that we need not more specifically refer thereto. We are united in the opinion that the district court was in error in holding that the plaintiff takes a life estate only under the first clause of the will, and the judgment is therefore *reversed*.