## Clay, by, etc. v. Chorn's Exor., etc.

(Decided February 18, 1913.)

### Appeal from Montgomery Circuit Court.

1. Wills—Construction of.—The testatrix by the fourth clause of her will, devised certain land to the five daughters of K; by the eighth clause she devised certain other land to the son of K, and the remainder of her land equally to the six children of K; by the ninth clause she devised all the residue of the estate of every kind to the six children of K; by the tenth clause she directed that all the property which the six children of K take under the provisions of the will, shall be invested in real estate and held under certain trusts. Held: That the tenth clause refers only to the personalty which was in the hands of the executors, and not to the land which had been specifically devised.

2. Wills—Construction of—The Law Favors Vesting of Estates.— The law favors the vesting of estates, and that construction will be adopted in a case of doubt under which the estate vests.

C. W. NESBITT, for appellant.

CHAS. D. GRUBBS, ROBT. H. WINN, for appellee, Chorn's Exor.

W. B. WHITE, for appellees, Clay, &c.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.— Affirming.

Mrs. M. W. Chorn owned a farm in Bourbon county; also a farm in Montgomery county, and the question on this appeal is, what interest the children of her sister, Mrs. E. B. Kern, take in this land under her will? By the first and second clauses of her will, she directs that her burial expenses and debts are to be paid by her executors; in the third clause she states that she has five sisters; that two of them are in comfortable circumstances, and for that reason she does not leave to them any

part of her estate; in the fourth clause she directs that
so much of the Bourbon county land as may be necessary
to pay a charge upon it, be used for that purpose; the
clause then concludes with these words:

"And all the rest of said farm I devise equally to
the five daughters of my deceased sister, Mrs. E. B.
Kern, to-wit:  Mrs. Louisa Willie Clay, Lake Kern,
Mary L. Kern, Sithey B. Kern, and Chornie F. Kern."

By the fifth clause she gives to the two daughters of
her sister, Mrs. Hughes, $1,000 each; by the sixth clause
she gives to the six children of her sister, Mrs. Kennedy,
together the sum of $4,200; by the seventh clause she
gives to James C. Scobee, a great-nephew of her hus-
band, $2,000; the eighth, ninth and tenth clauses of the
will are in these words:

"8.  I give to my nephew, R. G. Kern, son of my de-
ceased sister, Mrs. E. B. Kern, one hundred (100) acres
of that portion of the home farm of James Chorn, which
was purchased by me of William Mynheir on February
2nd, 1892; the same to be laid off of that portion of the
place lying in the angle made by the junction of the
Winchester and Mt. Sterling Turnpike and the Wade's
Mill and Sewell Shop Turnpike.  The remainder of said
tract of land I devise equally to the six (6) children of
my said sister, Mrs. E. B. Kern, viz: R. G. Kern, Mrs.
Lou Willie Clay, Lake Kern, Mary L. Kern, Sithey B.
Kern and Chornie F. Kern.

"9.  All of the rest and residue of my property of
every kind and wheresoever situated I devise to the said
six (6) children of my sister, Mrs. E. B. Kern.

"10.  I devise and so direct that all the property
which the six (6) children of my sister, Mrs. E. B. Kern,
shall take under the provisions of this will shall be in-
vested in real estate, and that if any of said children die
without leaving issue, the interest of the one so dying
shall pass to the others and to the issue of such of the
others as may die leaving issue, such issue taking the part
of their parents.  If upon the death of any descend-
ant of my said sister any interest in said property
shall pass to any other descendant of hers whether by
descent or under said clause of defeasance, the same
shall be held subject to the same condition of defeasance
in the event of death without issue until the death of the
last survivor of her said six children; and if upon the
death of such last survivor there be no issue of my said

sister living, then all the said property shall pass as follows, viz: one-third to the daughters of my sister, Mrs. Hughes, and the issue of such of them as may have died leaving issue, such issue taking *per stirpes;* and two-thirds to the children of my sister, Mrs. Kennedy, and the issue of such of them as may have died leaving issue, such issue taking *per stirpes.''*

Under the fourth clause of the will if nothing more was added the five daughters of Mrs. Kern would take the remainder of the Bourbon county land in fee simple; and so under the eighth clause if that stood alone R. G. Kern would take the 100 acres devised to him in fee simple, and the six children of Mrs E. B. Kern would take the remainder of that tract in fee simple. But it is insisted that the tenth clause changes all this. We do not think the will should be so construed. The testatrix evidently had in mind the devising of the remainder of the Bourbon county land to the five daughters of Mrs. Kern and the devising to R. G. Kern of 100 acres, and when she made these specific devises, it is not to be presumed that in a subsequent part of her will she intended a different disposition of the estate unless the language used unmistakably so indicates. The language of clause ten does not seem to refer to the land which had been previously devised. By that clause she directs that all the property which the six children of Mrs. Kern shall take under the provisions of the will shall be invested in real estate. This language taken in its natural meaning must refer to her personal property; for she is evidently imposing a duty upon her executors to make the investment. She certainly did not mean that the land which she had devised should go into the hands of the executors for any purpose; and the direction that the property shall be invested in real estate, cannot with any propriety, be applied to anything but the personal property. By the ninth clause she devised all the residue of her property to the six children of her sister, Mrs. Kern, and the tenth clause appears to have been added to provide for the investment of the property passing under the residuary clause. The testatrix devised only personalty to the children of Mrs. Hughes and Mrs. Kennedy. She devised no land to them, and she makes them the persons who are to take the property under the tenth clause if the Kerns all die without issue. The thing she apparently had in mind was the preserving of the residuary estate

for them on the failure of the Kern line. She devised no personalty to the Kern children except in clause nine, and the tenth clause was designed to prevent this personal estate from being dissipated. An estate once given in fee will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate unless the language of the instrument or the intention of the testator requires it, and when upon the consideration of the whole instrument, the mind is in doubt as to what estate was intended to pass, that construction will be adopted which passes the fee. (Burnam v. Suttle, 148 Ky., 495; Edmonds v. Cave, 150 Ky., 272.)

The chancellor held that the six children of Mrs. Kern took a fee in the land devised to them, and in this conclusion we concur.

Judgment affirmed.