## Johnson, et al. v. Mansfield.

(Decided June 15, 1917.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Wills—Intention of Testator.—The fundamental rule in the construction of wills is that the intention of the testator, as gathered from his entire will, must prevail, unless it be opposed to some positive rule of law, or some general principle of public policy.

2. Wills—Intention of Testator.—In construing a will the entire instrument must be taken into consideration, each clause and part thereof must be read in connection with the other parts; and all technical rules of construction must give way before the intention of the testator whenever it can be ascertained.

3.   Wills—Intention of Testator—Estates Created.—An estate once
     given in fee will not be defeated by a subsequent provision in the
     same instrument limiting it to a smaller estate, unless the language
     of the instrument, or the intention of the testator requires it.
4.   Wills—Construction.—Where a testator gave his "personal prop-
     erty" to his widow during her widowhood, and "devised his real
     estate to her in fee simple," and by a final, separate sentence pro-
     vided that "the property" should go to his children in case his
     widow should marry again, the widow took a fee simple estate in
     the realty.

OSCAR O. BADER for appellants.

BARRET, ALLEN & ATTKISSON and W. S. HAMILTON for ap-
pellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an appeal from a judgment of the Jefferson
circuit court decreeing the specific performance of a
contract by which the appellee, Elizabeth Mansfield, sold
to the appellants, Margarete D. Johnson and W. G. Dun-
can, a house and lot known as 1365 South First street, in
Louisville.

Appellant's defense was, that Mrs. Mansfield could
not convey a good title because, as devisee under the
will of her husband, Robert E. H. Mansfield, she did not
take a fee simple estate in the land sold. This is the only
question presented by this appeal.

The second and fifth items of the will, which bear upon
the question before us, read as follows:

"Item 2. I devise and bequeath to my wife, Elizabeth
Mansfield, absolutely (as long as she stays my widow),
all my personal property that I now have or may have
at the time of my death (including the proceeds of all
insurance policies on my life); except the personal prop-
erty named in item 3 of this will, and I further devise to
her in fee simple all the real estate of which I may be
possessed at the time of my death with the exception of
that real estate named in item 3 of this will, which is
now owned and occupied by R. Mansfield and Son, sit-
uated on the North side of Market Street between Han-
cock and Clay, in Louisville, Kentucky.

"If my wife should marry again or die, the property
shall go to my children in equal parts."

"Item 5. I have given the real estate, and personalty
mentioned in Item 2 to my wife because of my implicit
confidence in her ability to use and dispose of the same,
and I have given my son Fred Mansfield the property

mentioned in Item 3 because of the fact that he has been associated with me all his life, and has helped to make the business of R. Mansfield and Son what it now is, and is fully conversant with it and able to manage it to the best advantage.''

By the third item of the will, the testator required his son, Fred Mansfield, to transfer and convey to his mother, Elizabeth Mansfield, all his right, title and interest in and to the First street property, which is the subject of this litigation; and, Fred Mansfield has fully complied with that requirement. Mrs. Mansfield's title, therefore, is to be found in the second and fifth items, above quoted.

The fundamental rule in the construction of wills is, that the intention of the testator, as gathered from his entire will, must prevail, unless it be opposed to some positive provision of law, or some general principle of public policy. And the entire instrument must be taken into consideration; each clause and part thereof must be read in connection with the other parts; and, all technical rules of construction must give way before the intention of the testator whenever it can be ascertained.

An analysis of item 2 shows that it contains three general provisions: (1) a gift of the personal property to the testator's wife "absolutely, as long as she stays my widow"; (2) a devise of his real estate to his wife "in fee simple"; and (3) in a complete and separate sentence a provision for the final disposition of "the property" in case the testator's wife should marry, or upon her death.

The first two provisions of item 2 are simple enough; the only difficulty arises in determining whether the third or last clause thereof, providing for a final disposition of the testator's property, refers to or qualifies both of the preceding clauses of the item, or applies only to the first clause which disposed of the testator's personal property.

It will be observed, however, that while the testator gives his wife a fee simple estate in all of his real estate, without any conditions annexed thereto, the personal property is given to her only so long as she remains his widow. The final clause of the item providing for the final disposition of the testator's property in case his wife should re-marry or die, might be of doubtful meaning in case it stood alone. But, in reading that clause in connection with the former clauses of the item, as we must

do in order to arrive at the testator's intention, it is apparent that the last clause referred to the gift of the personal property.

This is apparent for two reasons: first, in the clause disposing of the personalty, he speaks of it as "property," while in the clause disposing of the realty, the will speaks of it as "real estate." So, when in the final clause the testator provided for the disposition of "the property" in case his wife should marry again or die, he evidently had in mind the personal property which he had theretofore described as "property." Secondly, the personal property having been given to his wife only so long as she should remain his widow, and the real estate having been given to her in fee simple, the final clause giving the property to his children in case his wife should marry again or die, can only refer to the personal property which had been given to her during her widowhood. It can have no reference to the real estate which the will, in terms, gave her, without restriction.

The final sentence necessarily refers to the death of the wife after as well as before the death of the testator, since the phrase "if my wife should marry again" is a part of the same limitation as the gift over if the wife should "die," and is merely another alternative upon which that gift takes effect. The words "marry again" are necessarily referrable to a period after the testator's death; and, therefore, the word "die" will also be referred to that period. The one expression interprets the other, and takes this case out of that class of gifts over in the sole event of the taker's death, which have been construed to mean the death of such taker before the death of the testator.

We, therefore, think it clear that in making the final disposition of his "property" in case his wife should marry again or die, the testator had reference only to his personal property, and that Mrs. Mansfield took a fee simple title to the realty. If there could be any doubt as to the correctness of this conclusion, it should be resolved in favor of holding the devise of the realty to convey a fee simple title, under the rule that an estate once given in fee, will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument, or the intention of the testator requires it. Burnham v. Suttle, 148 Ky. 495; Edmonds v. Cave, 150 Ky. 272; Clay v. Chorn's Exor., 152 Ky. 271.

Here, the testator gave his wife a fee simple estate, using apt terms susceptible of no possible doubtful meaning, and there is nothing else in the will to detract from the estate thus devised, unless it be found in the final detached and separate clause above referred to, and explained.

This conclusion is fortified by the fact that by item 3 of the will the testator required his son Fred to convey to his mother all of his interest in this First street property, thus indicating his further purpose of investing her with a fee simple title.

Again, the fifth item, above quoted, explains that the testator gave the real estate and personalty mentioned in item 2 to his wife because of her ability "to use and dispose of same."

But, the last sentence of item 2 gives the wife an estate only during her widowhood, with remainder to her children; it gives her no power of disposition over of the subject of the gift. If, therefore, this closing sentence applied to the real estate given to the wife, then the reason stated in item 5 for making the gift to the wife can have no meaning, since, by such a construction the testator is made to declare that because of his confidence in his wife's ability to use and dispose of his property, he has left it to her without any power of disposition.

On the other hand, when the last sentence of item 2 is applied to the gift of personalty alone, item 5 is clear and consistent.

We then have under item 2 a bequest of personalty to the wife during her life or widowhood, and the devise of the realty to her in fee, with item 5 expressing the testator's confidence in his wife's ability to use and dispose of his property as his reason for the gift. This is entirely consistent with his gift to her, of the use of his personalty during her widowhood, and both the use and disposition of his realty.

Appellants argue that from the whole will it is clear that the testator intended his widow to take only a defeasible interest in his property; and, since there is no reason expressed for his putting restrictions on the personalty which he did not intend to put on the realty, it must be inferred that he intended to put restrictions upon both. But, this position assumes that the language of item 2 places both the realty and the personalty in the same position under the will; an assumption which, in our opinion, is not sustained by its language.

Our conclusion is that the chancellor was right in holding that the concluding sentence of item 2 referred to the personal property only, and that the wife took a fee simple estate in the realty.

Judgment affirmed.