JOHNSON et al. v. GOLDSTEIN et al.
(No. 74–2837.)

(Commission of Appeals of Texas, Section B.
Nov. 12, 1919.)

1. WILLS &lllcirc;&rarr;457—CONSTRUCTION; TECHNICAL
 WORDS.

 In construing a will the application of the rule to accord a technical meaning to technical words is relaxed to a greater extent than in construing other documents.

2. WILLS &lllcirc;&rarr; 614(5)—CONSTRUCTION; LIFE ESTATE OR RIGHT OF OCCUPANCY.

 Where a will created a spendthrift trust for testatrix's stepson *held* that an item bequeathing to him testatrix's "homestead place to be used and enjoyed by him as a home to live at for and during his natural life," with remainder over upon his death to his issue, and in default of such issue to revert to testatrix's general estate, while effective, had it stood alone, to pass a life estate to him subject to his debts, would be construed to give him only a right of occupancy as a home for life.

&lllcirc;&rarr;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of Third Supreme Judicial District.

Trespass to try title by I. A. Goldstein and another against William Johnson and another. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (173 S. W. 458), and defendants bring error. Reversed, and judgment rendered on recommendation of the Commission of Appeals.

Downs & Webb and Marshall Surratt, all of Waco, for plaintiffs in error.

H. C. Lindsey, of Waco, for defendants in error.

McCLENDON, J. I. A. Goldstein and another, as plaintiffs, brought this suit against William Johnson and another, as defendants, in trespass to try title, to recover ten acres of land in the city of Waco. Plaintiffs' title was acquired by purchase at sheriff's sale under execution upon a judgment in favor of plaintiffs against Peter McClelland, Jr., whose interest in the property was acquired under item 9 of the will of Mrs. Joanna McClelland, deceased. The defendants in the case are John K. Rose, trustee under said will, and W. E. Johnson, tenant in possession under Rose, trustee. Peter McClelland, Jr., was not a party to the suit. The controlling question in the case, which was decided in favor of plaintiffs by the trial court and Court of Civil Appeals, Third District (173 S. W. 458) is whether under the will of Joanna McClelland Peter McClelland, Jr., acquired a life estate in the property in question, or merely a right to live upon the property during his natural life.

The portions of the will bearing upon the question at issue follow:

"Item 8th. I give and bequeath to my beloved stepson, all my household goods, silver plate, dishes, pictures, books, carriage, and horses and cattle used and enjoyed by me in and upon my homestead.

"Item 9th. I further give and bequeath to my said beloved stepson, Peter McClelland, my homestead place to be used and enjoyed by him as a home to live at for and during his natural life, he to keep the taxes and insurance paid thereon and make all needful repairs, and remainder over upon his death to the issues of his body born in lawful wedlock. In default of such issue then the same shall revert to my general estate disposed of as hereinafter provided.

"Item 10th. I hold divers and sundry notes and judgments against my said stepson, Peter McClelland, which notes I paid off as security to protect him and which judgments I paid off to further protect him, which I desire my executor to cancel and surrender to him on my death, amounting to about $35,000.00 at this time."

By item 11 she bequeaths "all the residue" of her estate to Jno. K. Rose, as trustee, during the life of Peter, the net revenue there-

from, with the exception of a 10 per cent. contingent fund, to be paid to Peter as it accrues, with remainder over, after the death of Peter, to the "issue of his body."

Item 12 provides that upon failure of issue of the body of Peter, the remainder of the estate is bequeathed to the city of Waco for certain charitable purposes. It might be added that items 4, 5, 6, and 7 of the will make certain money bequests, aggregating $8,600.

It may be conceded at the outset that if item 9 of the will stood alone its effect would be to pass a life estate to Peter McClelland, Jr., which would be subject to execution for his debts, and that any attempt by the testator to place restrictions thereon inconsistent with a life estate would be void. The only exception we have found to this latter rule in Texas is in the case of a married woman. Simonton v. White, 93 Tex. 57, 53 S. W. 339, 77 Am. St. Rep. 824.

[1] Our inquiry is therefore directed to the question whether it was the intention of the testator, as expressed in the will, to give a life estate to Peter, or merely a right of occupancy as a home during his life. In construing a will, the main object is to ascertain the intention of the testator. This rule applies in the construction of every other character of written instrument. There is, however, more latitude allowed in the construction of wills than in other written documents, in respect to the informality in which the testator may have expressed his intention. The main scheme or plan of the testator is always regarded as a safe criterion in arriving at his purpose. And it may be said that the application of the rule to accord a technical meaning to technical words is relaxed in the construction of wills to a greater extent than in construing other documents. The general rules of construction of written documents are also applied to wills, namely, that the entire will must be construed as a whole, effect given to all its language, and harmonized where possible, and that parole testimony may be resorted to for the purpose of showing the circumstances attending the transactions, the particular situation, of the parties, and the state of the thing devised. These rules have been frequently applied in Texas in the construction of wills and other written instruments. We quote the following from Hawes v. Foote, 64 Tex. 27:

" 'There is no more clearly established rule of construction, as applicable to wills, than that words, or clauses of sentences, or even whole paragraphs, may be transposed to any extent, with a view to show the intention of the testator. Pond v. Bergh, 10 Paige [N. Y.] 140. Words and limitations may be transposed, supplied, or rejected. But it must appear, either from the words of the will, or extrinsic proof, admissible in aid of the words, that the transposition does really bring out the true intent of the testator, and thus render what

was before obscure, clear.' 1 Redf. on Wills (4th Ed.) p. 432.

" 'A technical construction of words and phrases, although prima facie the one which should prevail, will not be carried to the extent of defeating any obvious general intention of the testator.' 1 Redf. on Wills (4th Ed.) top p. 436.

"The same author says there is no doubt that a particular construction of words, although somewhat variant from their more natural and obvious import, may be strengthened by reference to extraneous circumstances. 1 Redf. on Wills (4th Ed.) top p. 431. It is said in Currie v. Murphy, 35 Miss. 473, that 'such facts are always admissible in aid of the construction of wills, to the extent of explaining doubts, or removing uncertainties, when with that aid the intent is clear'—citing [Goodhue v. Clark] 37 N. H. 525; [Travis v. Morrison] 28 Ala. 494; [Succession of Thorame] 12 La. Ann. 384; 4 Russ. 532, note; 12 Price, 213; [Edens v. Williams Ex'r] 3 Murphy [7 N. C.] 27."

In Weller v. Weller, 22 Tex. Civ. App. 250, 54 S. W. 654, the court says:

"Bearing in mind that the supreme rule of construction of wills is the ascertainment of the intentions of the testator, and to this end we should consider the condition of his estate at the time of making his will, the circumstances under which it was made, and the primary object of the testator in executing the instrument, and for this purpose technical words and terms in conflict with the evident intention of the testator may be disregarded."

The principle that in construing the language of a written instrument susceptible of different constructions courts will consider the circumstances attending the transaction, the situation of the parties, the purposes to be accomplished, and the state of the thing granted, for the purpose of ascertaining the true intent, was recently applied by , this section of the commission in the construction of deeds, and some of the cases upon that subject were reviewed. Stevens v. Railway Co., 212 S. W. 639.

[2] In Wood v. McClelland, 53 S. W. 381, in which the Supreme Court denied a writ of error, the will of Joanna McClelland was construed as creating a spendthrift's trust. Having in view the foregoing principles, and reading the will in the light of the attendant circumstances, we have reached the conclusion that it was the purpose of the testatrix that such trust should also extend to the property in question, and that Peter was given therein only a right of occupancy as a home for life, item 9 of the will being a mandatory direction to the trustee to that end. The very purpose in creating a spendthrift's trust is to provide for the care and comfort of the cestui que trust and against his own improvidence and the demands of his creditors. The agreed facts show that at the time. of the trial, and at the date of the testatrix's death, the property in question was residence property in the city of Waco, and

the land, exclusive of improvements, was worth $20,000. The ordinary homestead exemption would extend, therefore, only to one-fourth of the real estate; thus leaving three-fourths of the real estate, valued at $15,000, exposed to the creditors of Peter at any time, and the remaining one-fourth subject to the claims of creditors should he abandon the property as a homestead. That the testatrix had the right to grant a life estate is not denied; but to grant such estate, if such were her intention, is clearly out of harmony with the remaining provisions of the will, wherein Peter is given practically the entire beneficial interest in the testatrix's property for life, without any control, however, on his part, and the revenues thereof are protected against the claims of creditors by the creation of a spendthrift's trust. The language in item 9, "to be used and enjoyed by him as a home to live at for and during his natural life," clearly expresses the purpose of the testatrix to provide a home for Peter. This purpose cannot be given effect if we construe the remaining language in said item as intending to give a life estate. The main scheme and purpose of the testatrix was to make Peter the life beneficiary of her entire estate, excepting only the specific bequests made in the prior provisions of the will; and to create a trust which would secure to him the revenues from the property free from the claims of creditors, and protected against his own improvidence.

It is urged that the word "residue" in item 11 militates against the views above expressed. We think, on the contrary, that if the intention in item 9 was to create only a right of use, the property therein mentioned was a part of the residue of the testatrix's estate embraced in item 11.

It is further urged that the absolute gift to Peter of certain personal property in item 8 shows an intention in the testatrix to exempt portions of her estate from the operation of the trust. The property mentioned in item 8, while the value is not given, appears to have been articles of household and home use, ordinarily exempt from execution. We cannot see that an absolute gift of property of this character could have any bearing upon the intention of the testatrix with regard to her real estate. Especially is this true in view of the expressed intention in item 9 to provide a home for Peter during his life. As already pointed out, this purpose would be defeated if a life estate were granted. To our mind, the only obstacle presented is the use of what might be termed technical language in item 9, which would ordinarily be construed to imply a life estate. While conceding that the question is not entirely free from difficulty, we think, under the well-established rules above stated, that this language should be made to conform to the ex-

pressed intention of the testatrix in item 9 as to the purpose of this bequest, namely, to provide a home for Peter during his life.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, and judgment here rendered that the plaintiffs take nothing by their suit.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.