### McDOWELL v. HARRIS et al.

No. 12228.

Court of Civil Appeals of Texas. Dallas.

May 29, 1937.

Rehearing Denied June 26, 1937.

Coke & Coke and Thos. G. Murnane, all of Dallas, for appellant.

C. R. Winn, of Dallas, and Andrews, Kelley, Kurth & Campbell, E. J. Fountain, and Harry R. Jones, all of Houston, for appellees.

J. H. Tallichet, J. T. Maginnis, Lewis Rogers, Cedric Taylor, and W. G. Sears, all of Houston, S. J. Brooks, Harper Macfarlane, R. L. House, B. A. Greathouse, Henry P. Burney, Ike S. Kampman, Henry P. Burney, Jr., and W. P. Dobbins, all of San Antonio, and Ed DeMontel, D. H. Fly, and R. J. Noonan, all of Hondo, amici curiæ.

JONES, Chief Justice.

This suit was instituted in a district court of Dallas county, in form of trespass to try title to two tracts of land situated in Dallas county and containing, respectively, 40 and 159¾ acres. The case was tried to the court, mainly upon an agreed stipulation as to the material facts, and such facts are undisputed in this case. The plaintiffs in the suit are children of Charles Harris, deceased, being respectively, R. S. Harris, residing in Harris county, Tex.; W. G. Harris, residing in Bexar county, Tex.; Mrs. Leila H. Berueffy, joined by her husband Oscar Berueffy, residing in Dallas county, Tex.; Mrs. Nell H. Shelley, joined by her husband G. B. Shelley, residing in Nueces county, Tex.; and John M. Harris, also residing in Nueces county, Tex.—who will be styled "appellees" herein. The defendant is Mrs. Addie McDowell, a feme sole, residing in Dallas county, Tex., who will be styled appellant. The trial resulted in favor of appellees, decreeing title to the land in them against appellant, claiming title to the land. An appeal has been duly perfected to this court, and the following are the necessary facts:

Appellant and appellees claim under the will of Charles Jack, executed in the state of Texas on December 25, 1860. Charles Jack died in 1867 and the will was duly pro-

bated in Bandera county, Tex. A transcript of the proceedings in the probate court of Bandera county, as well as the will, was duly recorded in Dallas county on February 14, 1880. On February 9, 1880, the said Charles Harris executed and delivered to John C. McCoy a conveyance of the 159¾ acre tract of land, which conveyance was duly recorded in Dallas county. On September 21, 1885, the 40-acre tract was conveyed by Charles W. Harris to John C. McCoy, and such deed of conveyance was duly recorded in Dallas county. On February 22, 1892, the record title to these two tracts of land passed to A. C. McDowell and wife, Addie McDowell, appellant. A. G. McDowell died October 22, 1928, and, by his will duly probated in Dallas county, and by deeds from his children, appellant, Addie McDowell, has succeeded to all of the rights, title, and interest in the land of A. G. McDowell.

Charles Jack was a native of Aberdeen, Scotland, and came as a single man to the United States, settling in Henry county, Ill., where he married his wife, Ann Jack. He was a thrifty business man, received about $30,000 from his family in Scotland, and dealt largely in lands in the state of Illinois and was considered in good financial condition during his life. There was born to this marriage three daughters, all of whom lived to be married, but only one, Mrs. Ann Burrall, was living at the time the will was written. The daughter Grace married B. D. Ellett and left surviving her a daughter, Mary Ellett; the daughter Mary married a Mr. Harris and left surviving her a son, Charles Harris. Mary Ellett was about fourteen years of age and Charles Harris was about ten years of age at the time the will was executed. At the time of the execution of the will the natural objects of testator's bounty were his wife; his surviving daughter, Ann Burrall; his granddaughter, Mary Ellett, the only surviving child of his deceased daughter, Grace Ellett; his grandson, Charles Harris, the only surviving child of his deceased daughter, Mary Harris.

Testator's Texas property, at the time of the execution of the will, consisted of approximately 10,000 acres of land, six negro slaves, money, livestock, and some indebtedness due him. The extent of his estate in Illinois is not revealed, but he was a large land owner in said state, as evidenced by his 80 conveyances of land in such state between the years 1849 and 1859. By the will, testator's daughter, Mrs. Ann Burrall, is

given some relatively small special bequests and is made residuary legatee of all the property not specifically devised by the will, and her husband, Edward Burrall, Jr., was named administrator of the entire estate, and the daughter is also given by executory devise the property given to Mary Ellett and Charles Harris. The wife is given certain named Illinois properties in the will. This will was written in Texas, testator having made from his Illinois home three visits to this state, apparently staying a considerable time on each of such visits.

This case is concerned directly with the clause of the will in respect to the grandson, Charles Harris, and this clause is as follows: " * * * To my grandson Charles Harris only son of my daughter Mary—I leave & bequest all the property I have in Texas, viz: Real Estate, Cash, Negroes Stock Debts due me & other property on the following terms: The Negroes six in number and cost over $5000. I desire not to be sold Unless for bad conduct until the said Charles shall be of legal age but to be hired out if not wanted for use and the amount received in hire given to his use. The cash on hands principally in the hands of Vance & Bro. San Antonio, also that received by sale of stock or otherwise, it is my will should be vested in Real Estate, within the Counties in which what I now own lye, viz.: Bexar, Bandera or Dallas, amounting to 10,000 acres and that the said land shall be to the use of the said Charles Harris during his life and should he leave Children lawfully begotten shall be inherited by them, but should he not leave children, the said land shall then go to my Daughter Ann Burrall, or her Heirs forever, and it is my recommendation that Mr. Harris, father of my said grandson Charles Harris, Should visit Texas, taking his son Charles with him and in that case I hereby nominate him administrator of my estate in Texas. * * *"

Appellees contend—and the trial court so decided—that by this clause in the will testator gave to Charles Harris only a life estate in the 10,000 acres of land in Texas, with remainder to his lawfully begotten children, owned by testator at the time he executed the will, and that, as the land in suit was a part of such 10,000 acres, Charles Harris only had a life estate in such land; and hence, his deed of conveyance did not convey the title to the land, but that the fee-simple title remained, subject to said life estate, in his children. Charles Harris died in 1935.

On the other hand, appellant contends that by this clause of the will, Charles Harris was given a fee-simple title to the land, subject to be defeated only if he died childless. Whether appellant's or appellees' contention is correct must be determined from the language of this clause, with whatever aid may be gathered from the remaining portions of the will. Under the general rule of construction of wills obtaining in this state, the largest estate the language is capable of conveying must be accepted over that of a lessor estate, unless it clearly appears otherwise. Article 1291 R.C.S.

In plain language the testator declares that, to his grandson Charles Harris: "I leave & bequest all the property I have in Texas, viz.: Real Estate, Cash, Negroes, Stock, Debts due me & other property on the following terms. * * *" The word "terms" in such clause clearly means the conditions upon which the beneficiary was given title to the property under the preceding grant. The first condition to the ownership of any property bequeathed to Charles Harris is in respect to the six negroes. This condition is, that the negroes are not to be sold except for bad conduct until Charles Harris shall be of legal age, but are to be hired out, if not wanted for use, and the amount of the hire be given to the use of the said beneficiary.

The next condition is in respect to the money on hand and that to be received from the sale of other designated personal property; and this condition is, that the cash on hand and the proceeds of the sale of the personal property, except the slaves, is to be vested in land in any of the three counties in which the 10,000 acres are situated. This condition is twofold: (1) It provides that all of the personal property in Texas, except the negroes, shall be converted into money; and (2) that the money, together with that on hand, shall be used in the purchase of other land in any of the designated counties. The subject of this clause is clearly the purchase of land, using the means thus indicated, and the sentence under discussion clearly makes a condition upon which Charles Harris is given the cash on hand, and the other personal property to be converted into cash. When the money and the proceeds of the said directed sales shall have been invested in real estate, as directed in the will, what title to such after-purchased land is vested in Charles Harris? Manifestly, it is a fee-

simple title, as indicated by the first clause of the bequest to Charles Harris, of the money and personal property, unless a condition on which the bequest is made clearly cuts it down to a lesser estate. Let us look again to testator's words dealing with this personal property.

In respect to the cash on hand and the money from the converted personal property, testator declares that "it is my will should be vested in real estate, within in the counties in which what I now own lye, viz.: Bexar, Bandera or Dallas, amounting to 10,000 acres and that the said land shall be to the use of the said Charles Harris during his life, etc." What land shall be "to the use of the said Charles Harris during his life?" Clearly to our mind, it is the land directed to be purchased to fulfill the condition on which the personal property is given to Charles Harris. Under this construction, the remaining part of the clause from which the quotation is taken deals with this after-purchased land, about which we are not now concerned. Article 1291 R.C.S.; Gilliam v. Mahon (Tex.Com.App.) 231 S.W. 712; Darragh v. Barmore (Tex. Com.App.) 242 S.W. 714; Roskrow v. Jewell, 154 Iowa, 634, 135 N.W. 3, Ann.Cas. 1914B, 63; Clay v. Chorn's Ex'r, 152 Ky. 271, 153 S.W. 425; Rae v. Baker (Tex.Civ. App.) 38 S.W.(2d) 366.

■ If, however, the phrase "said lands" is to be construed to refer to the 10,000 acres owned by testator at the date of the will, even under such construction, it is not believed that the clause which follows changes the bequest to Charles Harris, vesting in the first clause of the paragraph of the will in unmistakable terms, a fee-simple title to the property, to that of a mere life estate. This clause is "said lands shall be to the use of the said Charles Harris during his life, and should he leave Children lawfully begotten shall be inherited by them, but should he not leave children, the said land shall then go to my daughter, Ann Burrall, or her Heirs forever. * * *"

Clearly this clause does not vest the lawfully begotten children of Charles Harris with any title to this land, for the testator declares that such children shall take by inheritance from Charles Harris and, by necessary implication, not by bequest from the testator. If the phrase "said lands shall be to the use of the said Charles Harris during his lifetime" creates a life estate only in Charles Harris, then there would be nothing for his after-born children to inherit, because the life estate would cease to exist when he died. We think it is reasonably clear that the phrase "to the use of the said Charles Harris during his lifetime" marks the extent of his estate only in the event he dies without lawfully begotten children and, in such an event, marks the beginning of the estate given in this land to the daughter, Ann Burrall. When there were lawfully begotten children born to Charles Harris, then the estate given him was to ripen into a fee-simple title, and the estate given Ann Burrall, in said land, was to pass out, and the phrase "should he leave children lawfully begotten shall be inherited by them" is to show, not only that in such an event Charles Harris took a fee-simple title to the land, but that Ann Burrall was then to have no interest whatever in the land. Charles Harris was only ten years of age at the time this will was written. There was a contingency that he might die before testator; another contingency that he might die after testator without lawfully begotten children. Against such contingencies that might change the desire of testator as to where title to this land would go, the testator attempted to provide, and himself to place title to the land under all such contingency. This executory devise in favor of the daughter, Ann Burrall, also passed out in 1872, when she conveyed whatever interest she might have had in this land to Charles Harris.

We therefore conclude that no estate in remainder in favor of appellees was created by the testator's will, and that, as the undisputed evidence shows that Charles Harris had conveyed during his lifetime all of the land in question, appellees had no interest therein. Jessie McMurry v. P. B. Stanley, Ex'r, 69 Tex. 227, 6 S.W. 412; Darragh v. Barmore (Tex.Com.App.) 242 S.W. 714; St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425, 132 Am. St.Rep. 886; Anderson v. Menefee (Tex.Civ. App.) 174 S.W. 904; Thornton v. Zea, 22 Tex.Civ.App. 509, 55 S.W. 798; Johnson v. Goldstein (Tex.Com.App.) 215 S.W. 840; Caples v. Ward, 107 Tex. 341, 179 S.W. 856; Article 1291, R.S.; Page on Wills (2) §§ 964–967, p. 1615; 10 R.C.L. 652, § 8; 28 R.C.L. 241, § 206, 28 R.C.L. 210, § 171; Haring v. Shelton, 103 Tex. 10, 122 S.W. 13.

■ It is claimed by appellant that the issue as to the construction of that portion of testator's will, making Charles Harris a beneficiary, was finally adjudicated by

the district court of Bexar county, Tex., in the case of Simmang v. Harris et al., by a valid judgment, in which appellees were minor defendants in said suit; and that such adjudication is binding on appellees in this suit, and estops them to again have litigated the construction of such clause in said will. The plaintiff in the Bexar county suit, Frank Simmang, purchased from Charles Harris, on April 15, 1892, a lot located in the city of San Antonio, which lot was a part of the 10,000 acres of land owned by testator when he wrote the will. On February 4, 1893, Simmang filed his petition in said suit against Charles W. Harris, his wife Nellie Harris, and the appellees, then minor children of Charles Harris. The claim in this suit was that Charles Harris represented to Simmang that he (Harris) had the fee-simple title to the land, and that such representation was false, in that he only had a life estate in the land, as shown by the will of testator, the same will now under review; that Charles Harris fraudulently caused to be omitted from the abstract of title the clause in the will that showed only such life estate. He also alleged that, if the court decreed that, under such clause in the will, Charles Harris had a fee-simple title, then that the children of Charles Harris be decreed to have no title or interest in the land.

Charles Harris answered, claiming that he was given by the will a fee-simple title to the land. The children answered through their guardian ad litem, alleging that their father, Charles Harris, had only a life estate in the land and that they held the fee-simple title to same under the said will. The judgment of the district court construed the clause of the will now at issue to bequeath a fee-simple estate in Charles Harris to the land devised by said will, and denied any recovery to the minor defendants, appellees herein.

Both Simmang and the minor defendants, through their guardian ad litem, filed motions for rehearing. On such motions being overruled, Simmang alone appealed from the judgment. The minor defendants who were made appellees in Simmang's appeal, did not appeal or file any cross-assignments of error. The judgment of the lower court was affirmed by the appellate court (Simmang v. Harris et al. [Tex.Civ.App.] 27 S.W. 786, 787), on the ground that Simmang had failed to show such fraud as would entitle him to recover, and in the opinion said: "We deem it unnecessary to a proper decision of this case to construe

the clause of the will in dispute, and express no opinion in regard to it." However, the opinion previous to the quoted announcement, and in respect to the rights of the minor children, said: "In this case the minor children, in whom appellant alleges that the title to the land is vested, were regularly before the court, and are bound by its judgment. That judgment finds the fee simple to the land to be in Charles W. Harris. The minors have not appealed, and are not complaining of that judgment; and, the title in fee simple having been vested in appellant's vendors, we can see no ground of complaint on his part. The judgment having declared that the title to the land at time of the sale was in Charles W. Harris, it was unnecessary to attempt to divest title out of the minors, with which it is declared they had never been invested."

When this judgment of affirmance was entered the minors attempted to prosecute an appeal by writ of error from the judgment of the district court. The writ of error was dismissed (Harris et al. v. Simmang et al. (Tex.Civ.App.) 29 S.W. 668), and hence the judgment of the district court of Bexar county, decreeing that a fee-simple title to the land was bequeathed to Charles Harris, became and is a final judgment, construing the clause of the will in question, and is binding on appellees who were parties to that judgment. Such judgment estops appellees from again asserting in any other suit under this will the same claim that they caused to be adjudicated by the district court of Bexar county. Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am.St.Rep. 79; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330; Warren v. Houston Oil Co. (Tex.Com.App.) 6 S.W.(2d) 341; Houston Oil Co. v. Village Mills Co. (Tex.Com. App.) 241 S.W. 122; Harrison v. First Nat'l Bank, etc. (Tex.Civ.App.) 224 S.W. 269, 273; Gaddis v. Junker (Tex.Civ.App.) 29 S.W.(2d) 911, 918; Houston Term. Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.(2d) 526, 528.

On a similar issue as to estoppel by judgment, our Supreme Court, in the case of Hanrick v. Gurley, supra, announces the rule: "While the cause of action in that case was not the same as that now asserted, the question as to Nicholas Hanrick's right to inherit from Edward was and is directly involved in, and common to, both cases, and was expressly adjudicated in the former. Although the judgment of the court was, as we formerly held, only a denial of

the right to recover the particular land there in controversy, its estoppel is much broader, and concludes the parties upon every question which was directly in issue, and was passed upon by the court in arriving at its judgment."

■ Another statement of the rule of estoppel by judgment is announced in Houston Term. Land Co. v. Westergreen, supra, as follows: "Where an issue of fact is made in a suit which becomes necessary to and upon which the determination of the issues in that suit turned and rested, upon the establishment thereof by evidence in a subsequent suit between the same parties upon a different cause of action, such determination of the issue and the judgment based thereon in such former suit create an estoppel by judgment against the determination again of the self-same issue."

Other excerpts could be quoted from the above-cited cases, but we believe the quotations here made are sufficient to show that the rule of estoppel by judgment should be applied in the instant case and that the judgment in Simmang v. Harris et al., supra, estops appellees from again having adjudicated the construction of the clause in testator's will here under review.

■ Appellant claims that the 10,000 acres bequeathed by testator's will to Charles Harris was community property between Charles Jack and his wife, Ann Jack; that the will legally disposed of only an undivided one-half interest in testator's Texas property; that the other one-half interest was owned by the wife, Ann Jack; and that as against any claim against her ownership the statute of limitation applies. The trial court found as a fact that the marital domicile of testator and his wife was in the state of Illinois, and that, under the laws of such state and the evidence in this case, this 10,000-acre property was purchased from the separate funds of Charles Jack and was his separate property. We adopt the findings of the trial court in this respect. The common law controlling the estate acquired by husband and wife was shown by evidence to be in force in the state of Illinois and, under such rule of law,

all of the property acquired by Charles Jack in the state of Illinois was his separate property. This property in Texas became also his separate property. Thayer v. Clarke (Tex.Civ.App.) 77 S.W. 1050; Marshburn v. Stewart, 113 Tex. 507, 254 S.W. 942, 260 S.W. 565; Cox v. McClave (Tex.Civ.App.) 22 S.W.(2d) 961; Grange v. Kayser (Tex.Civ.App.) 80 S.W.(2d) 1007; Auerbach v. Wylie, 84 Tex. 615, 19 S.W. 856, 20 S.W. 776; Blethan v. Bonner, 30 Tex.Civ.App. 585, 71 S.W. 290, 291. This assignment of error is overruled.

It necessarily follows that, in our opinion, the trial court erred in its construction of the will, and that, under the undisputed evidence, judgment should have been rendered in favor of appellant. The judgment of the trial court, therefore, is reversed and here rendered in favor of appellant.

Reversed and rendered.

### On Motion for Rehearing.

Appellee has called our attention to a technical error in the use of the word "recovery" in the statement of the judgment of the district court of Bexar county, in Simmang v. Harris et al., supra. The error referred to is found in the following clause of the original opinion: "The judgment of the District Court construed the clause of the will now at issue to bequeath a fee simple estate in Charles Harris to the land devised by said will, and denied any recovery to the minor defendants, appellees herein." The last clause should read, "and the effect of this judgment is to deny that appellees were given any interest in the land bequeathed by the will." We were unfortunate in the use of the word "recovery," for, while the minor defendants (appellees in the instant suit) alleged in their answer in the said Bexar county district court case that their father, Charles W. Harris, was only bequeathed a life estate, and that the fee-simple title to the land was bequeathed to them, they did not ask for affirmative relief decreeing fee-simple title in them.

We have carefully considered the motion for rehearing, and the same is overruled.

Motion overruled.